■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID GRAJALES, Respondent. — Order, Supreme Court, Bronx County (Schackman, J.), entered December 4, 1981, granting defendant's motion to dismiss specific counts of the indictment on the ground that the evidence submitted to the Grand Jury failed to establish "an 'intentional' theory of criminal conduct" unanimously reversed, on the law, and the counts charging defendant with attempted murder in the second degree and assault in the first degree reinstated in the indictment. Defendant played "Russian roulette" with a gun by spinning the chamber which contained one bullet, aiming and firing at the victim. He did this three times in succession, and on the third occasion the weapon discharged and the victim was struck in the left side of the chest. Based on the testimony before it, the Grand Jury could reasonably conclude that defendant acted intentionally. Defendant's statement that the shooting was an accident creates a question of fact to be resolved at trial and not by the court ruling on a motion to dismiss certain counts of the indictment charging an "intentional" theory of criminal conduct. "As this court has already clarified, 'The test to be applied on a motion to dismiss the indictment for insufficiency of evidence is whether there has been a "clear showing" that the evidence before the Grand Jury if unexplained and uncontradicted would not warrant a conviction by a trial jury' " (*People v Dunleavy,* 41 AD2d 717). There was no such clear showing in this case. Concur — Ross, J. P., Carro, Markewich, Lupiano and Fein, JJ.